UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 10-35111-PGH
Chapter 7

In re:                                           ADVERSARY PROCEEDING
                                                 No. _____

WILLIAM JAMES ROSS,

       Debtor.

_____

COMERICA BANK, as Trustee of the
Edmund William Ross II Irrevocable Trust, and

COMERICA BANK, as Trustee of the
William James Ross IV Irrevocable Trust,

       Plaintiffs,

vs.

WILLIAM JAMES ROSS
       Defendant.
_____/

## COMPLAINT TO DETERMINE DISCHARGABIITY OF DEBT WITH DEMAND FOR JURY TRIAL

NOW COMES COMERICA BANK, as Trustee of the Edmund William Ross II Irrevocable Trust, and COMERICA BANK, as Trustee of the William James Ross IV Irrevocable Trust, as Plaintiffs in this Adversary Proceeding to Determine the Dischargability of a Debt, and sue WILLIAM JAMES ROSS, Debtor in this Chapter 7 bankruptcy case, and hereby allege and

aver as follows:

## JURISDICTION

1. Jurisdiction is vested in this Court pursuant to 28 USC. § 1334(b), and the District Court's general order of reference.

2. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 11. U.S.C. 523(a)(4).

## PARTIES

2. COMERICA BANK is a trade name of Comerica Bank & Trust, N.A., which is a nationally-chartered banking association with its principle place of business in Detroit, Michigan.

3. COMERICA BANK is the current Trustee of the Edmund William Ross II Irrevocable Trust, a Michigan express trust.

4. COMERICA BANK is also the current Trustee of the William James Ross IV Irrevocable Trust, a Michigan express trust.

5. WILLIAM JAMES ROSS, also known as William James Ross III, is the Debtor herein, an individual, and is domiciled in Indian River County, Florida.

## GENERAL ALLEGATIONS

6. Prior to 2006, the Debtor served as the Trustee of the Edmund William Ross II Irrevocable Trust.

7. The Edmund William Ross II Irrevocable Trust is an express trust established under the laws of the State of Michigan.

8. Prior to 2006, the Debtor served as the Trustee of the William James Ross IV Irrevocable Trust.

9. The William James Ross IV Irrevocable Trust is an express trust established under the laws of the State of Michigan (hereinafter collectively referred to as the "Trusts").

10. The Debtor is the father of Edmund William Ross II and William James Ross IV.

11. Edmund William Ross II and William James Ross IV are the beneficiaries of the foregoing Trusts.

12. In 2006, the Debtor ceased to be the Trustee of the Trusts, and was replaced by COMERICA BANK, who has served as the Successor Trustee of both Trusts since that time.

13. COMERICA BANK, as Trustee of the foregoing Trusts, sued the Debtor in the Probate Court for the County of Oakland, State of Michigan, for the misappropriation of trust funds (hereinafter the "Michigan Action").

14. The Michigan Action against the Debtor was brought under two case numbers consolidated into a single proceeding, styled as follows:

   a. *In the matter of Edmund William Ross II Irrevocable Trust*, File No. 2006-307,607-TV, and

   b. *In the matter of William James Ross IV Irrevocable Trust*, File No. 2006-307,608-TV.

15. The Michigan Action was initially settled by agreement with the Debtor, and disposed of by Consent Order entered on or about February 25, 2009. A true and correct copy of this Consent Order is attached hereto as Exhibit "A" and incorporated herein by reference.

3

16. Pursuant to the Consent Order, the Debtor was ordered to pay certain moneys to the Trusts, and to perform certain actions related to the guarantee of the payment of additional funds in the future.

17. On or about March 16, 2009, the Michigan Court entered an Order of Reinstatement declaring the Debtor to be in default of his agreements and obligations under the settlement and Consent Order.

18. As a result of the Debtor's default therein, the Michigan Court entered Judgment against the Debtor (hereinafter the "Michigan Judgment"). A true and correct copy of the Michigan Judgment against the Debtor is attached hereto as Exhibit "B" and incorporated herein by reference.

19. The face value of the Michigan Judgment against the Debtor was $1,254,049.28 as to the Edmund William Ross II Irrevocable Trust, and $1,254,049.28 as to the William James Ross IV Irrevocable Trust, for a total Judgment amount of $2,508,098.56.

20. The foregoing amounts stated in the consolidated Michigan Judgment included interest that had accrued up to and through the date of March 10, 2009.

21. The foregoing Judgment has accrued and is accruing interest thereon from March 11, 2009 at a rate of 5.815% per annum until paid.

22. The Debtor included the debts owed pursuant to the Michigan Judgment as debts on his revised Schedule "F" listing of unsecured creditors in this bankruptcy proceeding.

## Count I – Non-dischargability of Debt

23. Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1 through 22, *supra*, as though fully set forth herein.

24. This is an action pursuant to 11. U.S.C. 523(a)(4) to determine the non-dischargability of a debt owed by the Debtor herein.

25. Throughout his tenure as Trustee of the foregoing Trusts, the Debtor owed the duties of a fiduciary to the Trusts, and thus owed the duties of a fiduciary to the beneficiaries of the Trusts.

26. At all times material hereto, the Trusts were express trusts duly established under Michigan law.

27. The Debtor committed acts of defalcation while acting in his fiduciary capacity as Trustee of the Trusts.

28. The Debtor violated his fiduciary duties as Trustee of the Trusts by, *inter alia*, failing to distribute estate assets to a beneficiary entitled to such distribution, diverting assets of the Trusts to himself and to his own benefit without the knowledge or consent of the beneficiaries thereof, co-mingling funds and assets owned by the Trusts with his own funds and assets, and making unauthorized loans from the funds owned by the Trusts to himself.

29. The Debtor failed to properly account to the beneficiaries of the Trusts for funds belonging to the Trusts.

30. The Trusts, and the Debtor's fiduciary duties as Trustee thereof, existed at the time of and prior to the Debtor's acts of defalcation.

5

31. The Michigan Judgment implicitly establishes that the Debtor committed a defalcation of his fiduciary duties.

32. The Michigan Judgment is a default judgment, and is therefore a final judgment on the merits of all issues that were triable therein.

33. As a result of the Debtor's acts of defalcation while acting in a fiduciary capacity, the Debtor's debts to the Plaintiffs as reflected in the Michigan Judgment are non-dischargeable pursuant to 11. U.S.C. 523(a)(4).

WHEREFORE, Plaintiff respectfully requests that this Court order that the Defendant's debt to Plaintiff is non-dischargeable, award Plaintiff its attorneys fees and costs, and grant Plaintiff all other relief the Court deems fair and just.

## DEMAND FOR JURY TRIAL

34. Plaintiffs hereby demand a trial by jury of all issues herein so triable.

Dated this 21st day of December, 2010.

        Respectfully Submitted,

        CHAPMAN & PLYMALE LAW, P.A.
        Attorneys for Plaintiff
        100 SW Albany Ave., Suite 310
        Stuart, Florida 34994
        Telephone: (772) 283-2626
        Facsimile: (772) 283-6262

By:    s/ *John W. Chapman, Esq.*
       John W. Chapman, Esq.
       Florida Bar No.: 0186112
       Email: jchapman@treasurecoastlegal.com

STATE OF MICHIGAN

IN THE PROBATE COURT FOR THE COUNTY OF OAKLAND

In the matter of:

Edmund William Ross II Irrevocable Trust

File No. 2006-307,607-TV
Hon: Linda S. Hallmark

In the matter of:

William James Ross IV Irrevocable Trust

File No. 2006-307,608-TV
Hon: Linda S. Hallmark

---

STEVEN B. HAFFNER (P24794)
Steven B. Haffner & Associates, P.C.
Attorney for Petitioners
30300 Northwestern Hwy., #310
Farmington Hills, MI 48334
(248) 932-3500

MARK M. STRAETMANS (P55709)
Berry Moorman P.C.
Attorneys for William J. Ross, III, Trustee
535 Griswold, Suite 1900
Detroit, Michigan 48226-3679
(313) 496-1200

ROBERT A. SAJDAK (P27882)
Comerica Bank
Trustee
Comerica Tower at Detroit Center
MC 3300
500 Woodward Ave.
Detroit, Michigan 48226
(313) 222-6105

---

## CONSENT ORDER FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF CLAIMS WITHOUT PREJUDICE AND WITHOUT COSTS

At a session of said Court held in the Courthouse, Pontiac, Michigan, on
2-25-09, 2009

PRESENT: HON. **LINDA S. HALLMARK**
Probate Judge

This case having been scheduled for a contested hearing on January 26, 2009; the parties having negotiated a settlement of the claims asserted by each of the Edmund William Ross II Irrevocable Trust and the William James Ross IV Irrevocable Trust (collectively the "Trusts") as against the former trustee of the Trusts, William James Ross, III (the "Former Trustee"); the terms and conditions of the settlement

Exhibit "A"

having been placed on the court record in open court and the parties, Edmund William Ross II, William James Ross IV, and William James Ross III, as well as the Successor Trustee of the Trusts, Comerica Bank (the "Successor Trustee"), having affirmed on the court record their acceptance and approval of the settlement; the court having reviewed the transcript of the proceedings of January 26, 2009, and having determined that the within order reflects the agreement of the parties and the recorded settlement of this litigation; and the court being fully advised in the premises;

NOW, THEREFORE, on the consent of the parties, as set forth on the record in these proceedings on January 26, 2009,

IT IS HEREBY ORDERED as follows:

1. The Former Trustee shall pay to each of the Trusts the sum of Six Hundred Twenty-Five Thousand and 00/100 ($625,000.00) Dollars (the "Settlement Amount"), United States funds, payable as follows:

   a. The Former Trustee shall pay to each of the Trusts an amount not less than One Hundred Thousand and 00/100 ($100,000.00) Dollars (the "Initial Payment") on or before Friday, February 6, 2009;

   b. The Former Trustee shall pay to each of the Trusts the remaining balance of the Settlement Amount in eleven (11) annual payments equal to one-eleventh (1/11th) of the balance of the Settlement Amount after deduction of the Initial Payment (the "Deferred Payments"), with interest on the unpaid balance to be calculated at the post-judgment statutory rate, each of which payments shall be due and payable on the 6th day of February of each year, commencing on February 6, 2010, until paid in full;

   c. The Former Trustee may, in his discretion, prepay the Deferred Payments,

2

in whole or in part, without prepayment penalty.

2. On or before Friday, January 30, 2009, the Former Trustee shall provide to the Trusts and the Successor Trustee a sworn personal financial statement upon which the Trusts shall be entitled to rely in entering into a negotiated settlement of this litigation.

3. On or before Wednesday, February 4, 2009, the Former Trustee shall identify to the Trusts and the Successor Trustee the identity of a personal guarantor (the "Guarantor"), with financial means sufficient to guarantee the payment of the Settlement Amount, who shall execute a personal guarantee of the payment of the Settlement Amount.

4. On or before Wednesday, February 4, 2009, the Former Trustee shall provide to the Successor Trustee, only, a sworn personal financial statement of the Guarantor, which financial statement shall be reviewed by the Successor Trustee, only, and the Successor Trustee shall then ascertain whether or not the proposed Guarantor has sufficient assets to guarantee payment of the Settlement Amount.

5. On or before Friday, February 6, 2009, the Former Trustee shall cause the Guarantor to execute, and he shall thereupon deliver to the Trusts and the Successor Trustee a personal guaranty pursuant to which the Guarantor shall personally guarantee to the Trusts the Former Trustee's payment of the Settlement Amount and all accrued but unpaid interest, only; the Guarantor shall not be required to guarantee payment of the penalty amount provided hereinbelow upon a default by the Former Trustee.

6. The Former Trustee will from time to time, perform any and all steps reasonably requested by the Successor Trustee at any time to identify and obtain possession of any assets of either of the Trusts which the Successor Trustee does not now have in its possession, and shall execute and deliver to the Successor Trustee all documents and instruments of title requested by the Successor Trustee.

IT IS FURTHER ORDERED there shall be a (30) thirty day grace period for the Former Trustee's compliance with the foregoing, and that if any default hereunder shall continue for a period of more than thirty (30) days, the Successor Trustee shall declare the entire remaining unpaid Settlement Amount, including any accrued but unpaid interest, immediately due and owing; and, without further notice, this Litigation shall be REINSTATED and a JUDGMENT ENTERED in favor of the Trusts against the Former Trustee in an amount equal to 200% of the then unpaid balance of the Settlement Amount and the accrued but unpaid interest.

IT IS FURTHER ORDERED that the claims herein be and the same are hereby DISMISSED without prejudice and without costs to any party, subject to reinstatement only in accordance with the terms of this Order.

IT IS FURTHER ORDERED that this Order shall constitute a full and complete release of any claims that the Trusts or the beneficiaries of the Trusts may have against the Former Trustee with respect to or arising out of the Former Trustee's acts and/or omissions as trustee of the Trusts, only.

IT IS FURTHER ORDERED that this court does, and shall, RETAIN JURISDICTION over this case and the parties for purposes of enforcing the terms of this Order.

IT IS FURTHER ORDERED that this Order disposes of the last pending claim and closes this case, MCR 2.602(A).

_____
PROBATE COURT JUDGE

4

STATE OF MICHIGAN

IN THE PROBATE COURT FOR THE COUNTY OF OAKLAND

In the matter of:

Edmund William Ross II Irrevocable Trust

File No. 2006-307,607-TV
Hon: Linda S. Hallmark

In the matter of:

William James Ross IV Irrevocable Trust

~~File No. 2006-307,608-TV~~
Hon: Linda S. Hallmark

| | |
|---|---|
| STEVEN B. HAFFNER (P24794)<br>Steven B. Haffner & Associates, P.C.<br>Attorney for Petitioners<br>30300 Northwestern Hwy., #310<br>Farmington Hills, MI 48334<br>(248) 932-3500 | MARK M. STRAETMANS (P55709)<br>Berry Moorman P.C.<br>Attorneys for William J. Ross, III, Trustee<br>535 Griswold, Suite 1900<br>Detroit, Michigan 48226-3679<br>(313) 496-1200 |
| ROBERT A. SAJDAK (P27882)<br>Comerica Bank<br>Successor Trustee<br>Comerica Tower at Detroit Center<br>MC 3300<br>500 Woodward Ave.<br>Detroit, Michigan 48226<br>(313) 222-6105 | |

### ORDER FOR REINSTATEMENT OF CASE AND FOR ENTRY OF JUDGMENT IN FAVOR OF PETITIONERS AND AGAINST FORMER TRUSTEE, WILLIAM JAMES ROSS, III

At a session of said Court held in the Courthouse, Pontiac, Michigan, on March 16, 2009

**MAR 16 2009**

PRESENT: HON. __**LINDA S. HALLMARK**__
Probate Judge

This case came before the Court on Petitioners' and the Successor Trustee's Joint Verified Ex-Parte Motion for Reinstatement of Case and Entry of Judgment; it appearing that the former trustee, William James Ross, III (the "Former Trustee") has defaulted under the terms of the settlement of these cases as placed on the court record on January 26, 2009 (the "Settlement") and as codified in this Court's

Exhibit "B"

Consent Order for Approval of Settlement and Dismissal of Claims Without Prejudice and Without Costs (the "Order"); and it further appearing that upon the ex-parte application of the Edmund William Ross II Irrevocable Trust and the William James Ross IV Irrevocable Trust (the "Trusts") and/or the successor trustee of the Trusts, Comerica Bank (the "Successor Trustee"), the Court is empowered to enter an order reinstating these cases and entering judgment in favor of the Trusts and against the Former Trustee;

NOW, THEREFORE, IT IS HEREBY ORDERED that each of the above entitled cases be and they are hereby **REINSTATED**, effective immediately, for the purpose of enforcing the terms of the Settlement and the Order.

IT IS FURTHER ORDERED and ADJUDGED that JUDGMENT be and the same is hereby entered in favor of the William James Ross IV Irrevocable Trust (Comerica Bank, Successor Trustee) and against William James Ross III, whose last known address is 215 Rudder Road, Vero Beach Florida 32963, in the amount of **One Million Two Hundred Fifty Four Thousand Forty Nine and 28/100 ($1,254,049.28) Dollars**, inclusive of interest through March 10, 2009.

IT IS FURTHER ORDERED and ADJUDGED that JUDGMENT be and the same is hereby entered in favor of the Edmund William Ross II Irrevocable Trust (Comerica Bank, Successor Trustee) and against William James Ross III, whose last known address is 215 Rudder Road, Vero Beach Florida 32963, in the amount of **One Million Two Hundred Fifty Four Thousand Forty Nine and 28/100 ($1,254,049.28) Dollars**, inclusive of interest through March 10, 2009.

IT IS FURTHER ORDERED that this Order disposes of the last pending claim and closes this case, MCR 2.602(A).

C:\Data\WPData\LE ROUX.ROSS\PLEADINGS\ORDER FOR REINSTATEMENT AND JUDGMENT.wpd

PROBATE COURT JUDGE
LINDA S. HALLMARK

2